In re ARTESIAN WATER COMPANY.

(*March* 14, 1963.)

WRIGHT, J., sitting.

*F. Alton Tybout* (of Prickett, Prickett and Tybout) for the appellant.

*Bayard W. Allmond* (of Allmond and Wood) for the appellee.

Superior Court for New Castle County, No. 841, Civil Action, 1962.

WRIGHT, Judge.

This is an appeal from an order of the Public Service Commission.

The appellant is the City of Newark, a municipal corporation of the State of Delaware, hereinafter referred to as "Newark" and the appellee is Artesian Water Company, a public utility operating in New Castle County, Delaware, hereinafter referred to as "Artesian".

Artesian presently serves water to some 20,000 customers in an area which may be roughly designated as lying between the City of Wilmington and the City of Newark. Artesian's growth pattern has been in a westerly direction toward Newark.

In 1955 by amendment to Newark's charter, Newark was authorized to extend its water system ten miles beyond its city limits. Newark has extended its service in an easterly direction by the installation of main down Robert Kirkwood Highway. North of Robert Kirkwood Highway and northeast of the Corporate limits of Newark, laterals have been extended from this main into the developments of Delaplane Manor and Roseville Park. These extensions run a distance of forty or fifty feet.

Almost directly north of Robert Kirkwood Highway at the point described above and approximately one mile distant lies an elevated area known as Crow Hill. It is here that Artesian proposes to install a two million galoln storage facility and it is this installation to which Newark objects.

Newark's objection is simply stated. In order to establish this facility in the proposed area, it is contended, Artesian was required to secure a Certificate of Public Convenience and Necessity from the Public Service Commission due to the provisions of 26 *Del. C.* § 162 and in fact no public convenience and necessity justifies such a facility.

The Public Service Commission decided that Artesian was required to obtain a Certificate of Public Convenience and Necessity before proceeding to install the proposed facility and granted such Certificate after a full hearing.

██ ██ Initially it is necessary to dispose of a question which has been raised concerning the function of this Court in an appeal of this nature. I shall not review the contentions of the parties in this respect because I consider that it is settled law that the Superior Court does not sit, in such appeals as a superior administrative tribunal. In the Matter of Application of *Diamond State Tel-Co.*, 9 Terry 497, 107 A.2d 786 (1954), modified on other grounds 10 Terry 203, 113 A.2d 437. As was said in that case, a different rule would render the hearings below as "mere rehearsals". Absent some Constitutional or statutory violation, not suggested here, this Court will reverse only when it is shown that the administrative body from which the appeal was taken abused its discretion and where a finding below is supported by some evidence this Court will not substitute its judgment in the matter for that rendered by the administrative body.

■ I agree with the Commission's ruling that Artesian was required to secure a Certificate of Public Convenience and Necessity. This was necessary because Artesian's lines which would run from the proposed installation to its present service area would cross Newark's at Robert Kirkwood Highway. Under this circumstance the application of 26 *Del. C.* § 162 could not be more clear.

■ ■ The record reveals evidence presented on behalf of Artesian that the projected population increase at the western end of Artesian's present facilities justifies the proposed facility at the site selected by Artesian at this time. Upon such evidence the Commission found a future public convenience and necessity. In my opinion the evidence presented was sufficient to sustain the Commission's finding and their action in issuing a Certificate of Public Convenience and Necessity was proper. Under the view I have expressed above concerning the scope of this Court's review in matters of this nature, it is unnecessary to comment upon the contrary evidence presented.

The action of the Commission in requiring and granting a Certificate of Public Convenience and Necessity with the conditions thereto attached is affirmed.

Order accordingly.