David E. PETERSON, Appellant,

v.

Clifford E. HALL, Secretary of the Department of Highways and Transportation of the State of Delaware, Appellee.

Supreme Court of Delaware.

Submitted Dec. 19, 1977.

Decided Jan. 24, 1978.

Roy S. Shiels, of Brown, Shiels & Barros, Dover, for appellant.

Mark A. McNulty, Deputy Atty. Gen., Dover, for appellee.

Harvey B. Rubenstein, Wilmington, for amicus curiae.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

DUFFY, Justice:

This case requires us to construe the appellate procedures following a decision by the State Personnel Commission.

### I

The undisputed facts, as they appear in an unreported opinion by the Superior Court, are these:

". . . [David E.] Peterson had been an employee of the Department [of Highways and Transportation] from April 22, 1965 until his termination on February 28, 1975. During the course of his employment he managed to secure an associate degree in civil engineering from Delaware Technical and Community College. He later taught surveying at that school and, at the time of his discharge, was a Survey Party Chief with an official job designation of 'Highway Engineering Technician'.

On April 24, 1974, the Department entered into a collective bargaining agreement with the Union which, *inter alia*, provided that: (1) all employees were required to join the Union by December 1, 1974, as a condition of continued employment; (2) defined 'employee' to include various job classifications including 'all Highway Engineering Technicians' and, (3) exempted certain Department personnel from Union membership including 'all employees having a professional classification or the equivalent of a Bachelor's Degree'.

Peterson declined to join the Union by the December 1, deadline but was given a three month extension of employment with the consent of the Union. On January 27, 1975, Peterson wrote the Department's Personnel Administrator requesting that he be considered as possessing the 'equivalent of a bachelors degree'. This request was apparently forwarded by the Department, on February 28, 1975, to the State Personnel Office for a ruling. On March 12, 1975, the Chief of Applicant Services of that Office advised the Department that Peterson was not entitled to an equivalency rating because he did not have two years of professional experience coupled with his associate's degree. This ruling reasoned that since Peterson's job classification was that of 'Highway Engineering Technician' he was 'by definition' performing 'para-professional not professional work'. By the time of this ruling Peterson had, of course, been discharged for failure to join the Union."

Thereafter, Peterson filed an appeal with the State Personnel Commission, see 29 *Del.C.* § 5906, which concluded that it was without jurisdiction to consider his claim. The Commission has authority to hear an appeal from a dismissal order, 29 *Del.C.* § 5949(a) but it determined that its jurisdiction in this instance had been superseded because of the Union contract and the provisions of § 5949(c) which state:

"Whenever the provisions of subsection (a) or (b) conflict with any collective bargaining agreement, or whenever any collective bargaining agreement is exclusive with respect to matters which are the subject thereof, the collective bargaining agreement shall apply and shall be followed."

On appeal, the Superior Court affirmed. Reasoning that the Commission's authority is "limited to policy approval," the Court

concluded that the Commission does not have jurisdiction to review dismissal rulings on a "case-by-case basis." The Court recognized that there may be an "equitable remedy for an improper denial of equivalency" but concluded that the Commission may not provide such relief in view of the statutory subordination of the Commission's jurisdiction to a collective bargaining agreement.

Thus, neither the Commission nor the Superior Court considered the merits of Peterson's claim but left him to seek whatever remedy he has in the Court of Chancery. His claim was dismissed for want of subject matter jurisdiction and this appeal followed.[1]

## II

Any analysis of Peterson's problem must be made in the context of the legislation creating a Merit System of Personnel, 29 *Del.C.* § 5901, et seq. The purpose of the Act is stated at § 5902. Thus:

> "The general purpose of this chapter is to establish for this State a system of personnel administration based on merit principles and scientific methods governing the employees of the State in the classified service consistent with the right of public employees to organize under Chapter 13 of Title 19."

The Administration under the Act includes a Director with both a degree and five years experience in the field of personnel administration, § 5910, and a Commission consisting of "persons of recognized character and ability with demonstrated interest in improving public administration." § 5906(b). Clearly, the Legislative purpose in so providing is to professionalize both administration and policy making within the State Merit System by utilizing experts in the field.

As we have indicated, the statutory plan includes a two-tiered appeal process for an employee who is "dismissed or demoted or suspended" for a specified period. § 5949.

The first step is to place the issue before the Commission; as to this the statute provides:

> "(a) An employee in the classified service who has completed his probationary period of service may not, except for cause, be dismissed or demoted or suspended for more than 30 days in any one year. Within 30 days after any such dismissal, demotion or suspension, an employee may appeal to the Commission for review thereof. Upon such review, both the appealing employee and the appointing authority whose action is reviewed shall have the right to be heard publicly and to present evidentiary facts. At the hearing, technical rules of evidence shall not apply."

The next step is by appeal to the Superior Court and, as to this, § 5949(b) states:

> "(b) If the Commission upholds the decision of the appointing authority, the employee shall have a right of appeal to the Superior Court on the question of whether the appointing authority acted in accordance with law. The burden of proof of any such appeal to the Commission or Superior Court is on the employee. If the Commission finds against the appointing authority, the appointing authority shall have a right of appeal to the Superior Court on the question of whether the appointing authority acted in accordance with law. The burden of proof of any such appeal to the Superior Court is on the appointing authority. All appeals to the Superior Court shall be by the filing of a notice of appeal with the Court within 30 days of the employee being notified of the final action of the Commission."

Beyond doubt, the desired norm under the Statute for processing a dismissal appeal is through the Commission, with its expertise in public administration, to the Superior Court.

---

1. Council 81, American Federation of State, County and Municipal Employees AFL–CIO, with permission of the Court, has filed an *ami-cus* brief in support of the rulings by the Commission and the Superior Court.

## III

Turning now to this case, the Secretary of the Department of Highways and Transportation, who is the appointing authority, contends (a) that § 5949(c), which gives precedence to the terms of the Union contract, applies to Peterson and his failure to join the Union amounts to cause for dismissal as a matter of law. *State ex rel. Dept. of Lab. v. Unemployment Ins. A. Bd.,* Del.Super., 297 A.2d 412 (1972); (b) that such dismissal did not violate any constitutionally protected right which Peterson may have *Arnett v. Kennedy,* 416 U.S. 1341, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); *Retail Clerks Inter. Ass'n v. Schermerhorn,* 373 U.S. 746, 83 S.Ct. 1461, 10 L.Ed.2d 678 (1963); 48 *Am.Jur.*2d Labor and Labor Relations § 1191, etc.; 6 *A.L.R.*2d 416; and (c) the Commission's authority is limited to a review of policy according to the terms of § 5910(c).[2]

The Secretary's view of § 5910(c) was adopted by the Superior Court which concluded that, given a Union contract which placed Highway Engineering Technicians in the bargaining unit and required them to join the Union or be dismissed, the Commission was without jurisdiction to consider the basis for Peterson's dismissal.

### A.

In our view, there are two fallacies in the analysis made by the Superior Court and submitted here by the Secretary. First, § 5949(a) clearly gives the Commission power to "review" a dismissal allegedly made[3] for cause. So the Commission has jurisdiction to hear an appeal in such a case, even if, as a matter of law, it must apply the terms of a union contract (requiring all employees in a bargaining unit to join the union, for example) and affirm the dismissal (of an employee who refused to join the union). We do not reach that question in

this case. Second, and more important, the critical question in this case is whether Peterson is properly classified as a Technician, and as to this the Union contract is silent. In other words, the contract does not include any procedure for determining whether an employee should or should not be regarded as having the equivalent of a bachelor's degree.

There is no dispute between the parties about the consequences of a proper classification of an employee. Thus, if Peterson is properly classified as a Highway Engineering Technician, then, under Article II, Section (b) of the Contract, he was in the bargaining unit and was obliged to join the Union or be dismissed. See Article II Section 2(a) of the Contract and 29 *Del.C.* § 5949(c). But if Peterson is entitled to be regarded as holding the "equivalent of a Bachelor's Degree," then under the specific language of the Contract he is excluded from the bargaining unit, see Article II Section 1(c), and his dismissal for failure to join the Union was improper.

### B.

The Superior Court recognized both the problem which is central to the dispute (that is, proper classification for a Department employee) and Peterson's right to review of the Director's ruling against him. But, as we have indicated, the Court concluded that for any such review the Merit System appeal process was not available to Peterson and he must seek relief in equity.

In our judgment, the Personnel Commission can and should have taken jurisdiction of Peterson's appeal. As we have already twice noted, § 5949(a) specifically gives a dismissed employee a right of "appeal to the Commission for review thereof." We find nothing in § 5910(c) which prohibits such review.[4] And since Peterson has a

---

2. 29 *Del.C.* § 5910(c) provides:

   "The Director, as administrative head of the Commission, shall supervise its administrative and technical activities. With approval of the Commission, he shall develop and put into effect policies and procedures for merit system administration.

3. 29 *Del.C.* § 5930 gives a "person to be discharged . . . the right of appeal as set forth in this chapter."

4. We distinguish here between a Commission review of the Personnel Director's ruling on

remedy at law, it follows that the Court of Chancery would be without subject matter jurisdiction. 10 *Del.C.* § 342.

■ This view of the Merit System appeals process is in harmony with the statutory purpose to have dismissals of employees reviewed, at least in the first instance, by professionals with expertise in public administration. See § 5906 and § 5910. Such an alignment makes possible uniform interpretation of the pertinent Statutes which is obviously necessary to sound administration. While the Court of Chancery has expertise in many areas, it has nothing special to offer in the area of public administration and its general jurisdiction should be invoked sparingly in Merit System controversies.

Reversed and remanded for proceedings consistent herewith.

classification or equivalency determination and a *dismissal* based on such ruling. It is unnecessary for us to consider the Superior Court ruling that the former is not subject to Commission review on a case-by-case basis. That relates to routine decisions made as part of the internal administration of the Merit System. Our ruling here focuses on the appellate procedures following a *dismissal* in which a classification or equivalency determination is not the ultimate result but, rather, the basis for discharge.