David E. PETERSON, Plaintiff, Appellant,

v.

Clifford E. HALL, Secretary of the Department of Highways and Transportation for the State of Delaware, Defendant, Appellee.

No. 261980.

Supreme Court of Delaware.

Submitted June 5, 1980.
Decided Sept. 24, 1980.

Roy S. Shiels, Dover (argued), of Brown, Shiels & Barros, Dover, for plaintiff, appellant.

Mark A. McNulty, Deputy Atty. Gen. (argued), Dover, for defendant, appellee.

Harvey B. Rubenstein, Wilmington (argued), amicus curiae for Council 81, AFSCME.

Charles J. Durante, Deputy Atty. Gen., Dover, amicus curiae for State Personnel Commission.

Before McNEILLY, QUILLEN and HORSEY, JJ.

HORSEY, Justice:

David E. Peterson, a former employee of the Delaware Department of Highways and Transportation, appeals Superior Court's affirmance of the State Personnel Commission's ruling that he was properly discharged by the Department for failure to join Local 837 of the AFSCME [1] in violation of the Union's collective bargaining agreement with the Department.

In a prior appeal in this case, *Peterson v. Hall*, Del.Supr., 382 A.2d 1355 (1978), we held that the Commission had jurisdiction under 29 *Del.C.* § 5949(a) to hear Peterson's claim that he was dismissed without cause, even if his dismissal involved application of the terms of a union contract requiring union membership.

An Agreement between the Department and the Union required all covered employees of the Department to join the Union as a condition of continued employment. The Agreement defined "employee" to include various job classifications, including "all Highway Engineering Technicians." However, the Agreement then exempted from Union membership certain Department personnel, including "all employees having a professional classification or the equivalent of a Bachelor's Degree."

Peterson's job title with the Department was "Highway Engineering Technician." However, he claimed exemption under the Union contract—contending that he held the equivalency of a "Bachelor's in Technology" degree which he argued was synonymous with a "Bachelor's Degree" within the meaning of the contract exemption.

In remanding the case to the Personnel Commission, we stated:

" . . . the critical question in this case is whether Peterson is properly classified as a Technician, and as to this the Union contract is silent. In other words, the contract does not include any procedure for determining whether an employee should or should not be regarded as having the equivalent of a bachelor's degree. There is no dispute between the parties about the consequences of a proper classification of an employee. Thus, if Peterson is properly classified as a Highway Engineering Technician, then, under Article II, Section (b) of the Contract, he was in the bargaining unit and was obliged to join the Union or be dismissed. See Article II, Section 2(a) of the Contract and 29 *Del.C.* § 5949(c). But if Peterson is entitled to be regarded as holding the 'equivalent of a Bachelor's Degree,' then under the specific language of the Contract he is excluded from the bargaining unit, see Article II, Section 1(c), and his dismissal for failure to join the Union was improper." (382 A.2d at 1358).

I

■ The Personnel Director's administrative procedures were not legally deficient because a subordinate of the Personnel Director originally determined appellant's lack of qualification for "equivalency" exemp-

---

[1]. American Federation of State, County and Municipal Employees.

tion. Under 29 *Del.C.* § 5911(3) and § 5912, the Personnel Director was authorized to appoint deputies and assistants to assist him in the administration of the merit system. In any event, the Personnel Director later and the Commission eventually reviewed and ratified the subordinate's determination of Peterson's lack of qualification for exemption.

## II

After an evidentiary hearing, the Personnel Commission concluded that Peterson was properly classified as a "Highway Engineering Technician" *and* that he did not possess the "equivalent of a Bachelor's Degree."

■ The Commission interpreted the contract language to require an exempt employee to hold the equivalent of a Bachelor's Degree in his field of employment; and since Peterson's field of work with the Department was engineering, he was required to have the equivalent of a Bachelor of Science in Civil Engineering to be exempt from Union membership.

The Commission's interpretation of the contract language as to equivalency exemption is reasonable and supported by sufficient competent evidence and was not shown to be clearly wrong. *Nationwide Mutual Insurance Company v. Krongold*, Del.Supr., 318 A.2d 606 (1974); *Cdnnell v. Delaware Aircraft Industries, Inc.*, Del.Super., 55 A.2d 637 (1947).

■ There was also sufficient evidence to support the Commission's finding that Peterson's education, training and experience did not meet the equivalency exemption and that he was properly classified as a Highway Engineering Technician. *In re Artesian Water Co.*, Del.Super., 189 A.2d 435 (1963). Hence, Peterson was a covered employee within the bargaining unit under the contract and required to join the Union or be dismissed. *Peterson v. Hall, supra.*

2. 55 *Del. Laws*, Ch. 126, effective June 15, 1965.

3. 55 *Del. Laws*, Ch. 443, effective July 1, 1966.

## III

■ Peterson alternatively contends that he was not subject to discharge under the collective bargaining agreement because he had attained "permanent" employee status before enactment of 29 *Del.C.* § 5949(c). However, any merit employee under "permanent appointment," has always been subject to discharge "for cause" under 29 *Del.C.* § 5930 and § 5949(a)–a generalized, undefined term that requires flexible application. See *Karchmar v. City of Worcester*, Mass.Supr., 301 N.E.2d 570 (1973).

■ Further, the right of public employees to organize and enter into collective bargaining agreements with their employers[2] preceded the establishment of a merit system for State employees[3] and the attainment by Peterson of "permanent status".[4] Hence, we think it matters not that 29 *Del.C.* § 5949(c) was enacted[5] one month after appellant achieved permanent employee status. What is significant is the purpose of the legislation, namely, to "resolve any potentially unharmonious or inconsistent areas" in the functioning of the two laws. And § 5949(c) expresses clear legislative intent that the terms of a collective bargaining agreement take precedence in any conflict with the provisions of § 5949(a) or (b). *State v. American Federation of State, County and Municipal Employees, AFL–CIO 1726*, Del.Ch., 298 A.2d 362 (1972).

■ We also find no merit in appellant's related argument that Peterson had acquired, through "permanent appointment" merit status, a vested right to continued employment which was constitutionally protected. Property interests in public employment in a state are created by statute or contract, not by the Constitution, and claims of entitlement thereunder are determined by reference to State law. *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48

4. June 1, 1968.

5. 56 *Del. Laws*, Ch. 376, effective July 1, 1968.

L.Ed.2d 684 (1976); *Karchmar v. City of Worcester, supra.* The law in this State is clear,

> "... termination of employment as a result of a refusal to abide by the terms of a union contract requiring employees to join a bona fide labor organization on reasonable terms amounts to a voluntary quitting without good cause ...." *State Department of Labor v. Unemployment Insurance Appeal Board,* Del.Super., 297 A.2d 412, 415.

### IV

■ We decline to consider appellant's final contention–only touched on–that forced union membership is a violation of First Amendment Rights under the Federal Constitution. The question was not properly raised and fairly presented to the Trial Court or fully briefed below. Supreme Court Rule 8.

The Personnel Commission and the Superior Court did not err in applying 29 *Del.C.* § 5949(c) to appellant and in holding that Peterson, being a non–exempt employee, was subject to discharge for cause for failure to join the Union.

AFFIRMED.