397 Mass. 49 (1986)
489 N.E.2d 994
THOMAS J. BARKSDALE
vs.
DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY & another.[1]
Supreme Judicial Court of Massachusetts, Bristol.
December 5, 1985.
March 10, 1986.
Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & NOLAN, JJ.
John Scully, of Virginia (Max Volterra with him), for the employee.
Willie Ivory Carpenter, Jr., Assistant Attorney General, for Director of the Division of Employment Security.
NOLAN, J.
The employee (plaintiff) appeals from a judgment of a District Court affirming a decision of the Division of Employment Security denying the plaintiff unemployment compensation benefits. A review examiner concluded that the plaintiff's discharge from work was due to his failure "to comply with the necessity to pay an agency fee or join the union," *50 which constituted a voluntary leaving of work without good cause within the meaning of G.L.c. 151A, § 25 (e) (1) (1984 ed.). The board of review denied the plaintiff's application for review, thereby adopting the findings of the review examiner. G.L.c. 151A, § 41 (c) (1984 ed.). A judge of the District Court affirmed the board's decision. We summarize the facts that were presented to the review examiner. We affirm the judgment.
The plaintiff was employed by the Department of Correction as a supervising correction officer from 1959 to 1980. In 1977, the plaintiff was notified by the superintendent that pursuant to the provisions of a collective bargaining agreement between the Commonwealth and the bargaining agent (The Alliance), an agency fee would be charged to employees as an alternative to participating in union membership. The plaintiff and others opposed the agency fee and pursuant to G.L.c. 150E, § 12, filed a prohibited practice charge with the Labor Relations Commission (commission) challenging the amount of the fee. That dispute was ultimately resolved in favor of the plaintiff for reasons that are not entirely clear from the record before this court.
In 1979 and again in 1980, demands were made on the plaintiff for payment of an agency fee. The fee was equal to the amount of union dues. Again, the plaintiff objected to the payment of this fee, claiming that the fee was being used for political purposes which he did not espouse and that the imposition of the fee in general constituted an infringement on his rights under the First Amendment to the United States Constitution. He was informed that failure to pay the fee would result in his dismissal. The plaintiff refused to pay the fee and was discharged from employment. He then applied for and was denied unemployment compensation.
The plaintiff's appeal to this court is based on his contentions that (1) he did not voluntarily leave his employment; (2) if he did voluntarily leave, he left for reasons which were of an urgent, compelling, and necessitous nature so as to make his separation involuntary; (3) his discharge was improper and in violation of his constitutional rights as is the further denial of unemployment compensation. We turn now to a discussion of the issues.
*51 General Laws c. 151A, § 25 (e) (1), denies unemployment benefits to a person who has left work "voluntarily without good cause attributable to the employing unit or its agent." The review examiner found that the plaintiff's refusal to pay the agency fee, which was a condition of his employment pursuant to a collective bargaining agreement, constituted a voluntary termination of employment. The issue then is whether a refusal to pay an agency fee based on an exercise of constitutional rights can constitute a voluntary leave from employment without good cause attributable to the employing unit.
General Laws c. 150E, § 12 (1984 ed.), gives the Commonwealth and any other employer the right to "require as a condition of employment during the life of a collective bargaining agreement ... a service fee to the employee organization which ... is ... the exclusive bargaining agent for the unit in which such employee is employed." The statute further provides that the agency fee shall be equal to the amount required to become a member of the union. Id. Section 12, inserted by St. 1973, c. 1078, § 2, contained a provision that "[s]uch service fee shall be proportionately commensurate with the cost of collective bargaining and contract administration." The statute was amended by St. 1977, c. 903, which deleted the above sentence and replaced it with language reading: "No employee organization shall receive a service fee as provided herein unless it has established a procedure by which any employee so demanding may obtain a rebate of that part of said employee's service payment, if any, that represents ... expenditures by the organization ... for: (1) contributions to political candidates, or political committees formed for a candidate or political party...."
When the demand was made on the plaintiff in 1980 to pay the agency fee, there was open to him an avenue for contesting the amount of the fee. He should have filed a prohibited practice charge with the commission under 402 Code Mass. Regs. § 17.05 (1978)[2] as he had done in 1977. The plaintiff neglected *52 to file such a charge. He will not be heard now to complain. See East Chop Tennis Club v. Massachusetts Comm'n Against Discrimination, 364 Mass. 444, 453 (1973).
We have said repeatedly that a person to whom an administrative remedy is available must generally, in the first instance, resort to such remedy. We refer to this obligation as a matter of primary jurisdiction, if the party seeking relief has not commenced administrative action. See Murphy v. Administrator of the Div. of Personnel Admin., 377 Mass. 217, 220-222 (1979). If the party seeking relief has commenced, but has not exhausted, the pursuit of administrative remedies, we refer to this obligation as exhaustion of remedies. Id.
There are exceptions to the strictures of both rules, as, for example, exhaustion is not required where it would prove futile or where only questions of law are implicated or where irreparable harm would result if judicial action were delayed by resort to the administrative process. Stock v. Massachusetts Hosp. School, 392 Mass. 205, 210-213 (1984), cert. denied, 474 U.S. 844 (1985).
This case illustrates the wisdom of the rules of primary jurisdiction and exhaustion of administrative remedies. The *53 commission's expertise would be brought to bear on the crucial issue of what portion of the agency fee, if any, is used to support political or speech activities with which the plaintiff is not sympathetic. This question requires findings of fact which the commission is peculiarly well equipped to make.
The plaintiff's position is not advanced by our holding in School Comm. of Greenfield v. Greenfield, 385 Mass. 70 (1982), which was decided approximately two years after the plaintiff's objection to the fee arose. In that case, the school committee sought a declaratory judgment as to whether it could dismiss two tenured teachers for failure to pay an agency fee required by a collective bargaining agreement. In a detailed discussion of G.L.c. 150E, § 12, we stated: "It is beyond dispute and the teachers concede that they may be forced to pay their proportional share of collective bargaining, contract administration, and grievance adjustment expenses." Id. at 78. We also recognized that the teachers may not be forced to support political or other speech activities of the association. Id. We interpreted G.L.c. 150E, § 12, to mean that a dissenting employee may not be compelled to avail himself of an internal rebate procedure as an exclusive remedy for challenging the imposition of an agency fee. Instead, we construed the statute in a constitutionally permissible manner, as giving the employee the option of bringing a prohibited practice complaint before the commission if the employee wishes to challenge the amount of the fee which he thinks is used for purposes other than bargaining and contract administration. Further, we explained that if an employee chooses this option, he may be required to pay the disputed fee into a neutral escrow account until the dispute is resolved. Id. at 84-85. However, an employee may not be obligated to pay the fee to the organization for its use pending an adjudication of the matter. Once the complaint is brought, the burden then shifts to the organization to justify the amount of the fee. Id. at 85.
We recognize the issues raised by the plaintiff with respect to the constitutionality of imposing a fee as a condition of employment and whether an employee may be discharged and refused unemployment benefits for failure to pay the fee. We *54 adhere to our holding in Greenfield. However, we need not address these issues at length, because our decision to affirm is based on the plaintiff's failure to resort to his administrative remedies. We note that the Supreme Court has upheld the constitutionality of imposing a fee as a condition of employment in Abood v. Detroit Bd. of Educ., 431 U.S. 209, 222 (1977). Accord Railway Employees' Dep't v. Hanson, 351 U.S. 225, 238 (1956). Furthermore, we suggest that if the imposition of the fee is constitutionally permissible, an employee may be discharged for refusing to pay the fee unless he protests the fee in a manner set forth in G.L.c. 150E, § 12, and as interpreted in Greenfield. Although, in the absence of a compelling State interest, a State may not deny unemployment benefits to a person for reasons that infringe on his constitutionally protected interests, Thomas v. Review Bd. of the Ind. Employment Sec. Div., 450 U.S. 707, 718-719 (1981), an employee's failure to pay the fee, as long as no portion is used for political or other free speech related activities,[3] may be considered a voluntary termination. See Linscott v. Millers Falls Co., 440 F.2d 14, 18 (1st Cir.), cert. denied, 404 U.S. 872 (1971). See also Peterson v. Hall, 421 A.2d 1350, 1354 (Del. 1980); Russell v. Catherwood, 33 A.D.2d 592 (N.Y. 1969). Cf. Sherbert v. Verner, 374 U.S. 398 (1963) (denying benefits to one who was discharged for refusing to work Saturdays due to religious beliefs could not be based on compelling State interest); Nottleson v. Department of Indus., Labor, & Human Relations, 94 Wis.2d 106, 121 (1980) (court held that meritoriousness of excuse for failure to pay agency fee protected employee from discharge).[4]
*55 The plaintiff also argues that his ability to file a grievance was extinguished when G.L.c. 150E, § 12, was amended by St. 1977, c. 903. We disagree with the plaintiff's interpretation of the amendment to the statute. The change in the requirement that the agency fee be "proportionately commensurate with the cost of collective bargaining and contract administration" to a requirement that the fee be equal to union dues and that the organization provide for an internal rebate procedure did not repeal any right to challenge the amount or the use of the agency fee. The amended statute merely imposed a more stringent requirement upon the organization's ability to charge an agency fee and to provide dissenting employees with an alternative to paying the fee. That alternative, as we acknowledged in School Comm. of Greenfield, supra, was to allow an employee the right to file a grievance and place the fee in a neutral escrow account.[5]
The record presents neither a valid First Amendment claim nor a claim that the plaintiff's termination from employment was based on urgent, compelling, and necessitous reasons. We, therefore, affirm the judgment of the District Court which upheld the board's denial of benefits.
Judgment affirmed.
NOTES
[1] Department of Correction.
[2] Title 402 Code Mass. Regs. § 17.05 (1978), which was in existence in 1980, provided that: "If an employee, after demand by the bargaining agent, refuses to pay the service fee in accordance with the requirements of a collective bargaining agreement, the bargaining agent may request the employee's termination.... An employee shall have the right to contest the decision to terminate his employment by filing a grievance in accordance with the collective bargaining agreement and/or by filing appropriate charges before the Commission. During the pendency of the employee's grievance ... the employee shall be permitted to continue his or her employment if the employee pays the contested service fee to an escrow fund...." But see 402 Code Mass. Regs. § 17.07 (1982): "An employee filing a charge contesting the amount of a service fee with the Commission shall jointly establish and administer an escrow account with her/his bargaining agent" (emphasis added). We noted in School Comm. of Greenfield v. Greenfield Educ. Ass'n, 385 Mass. 70, 76 n. 3 (1982), that the 1978 regulation appeared to condition the employee's right to contest the validity of the fee on receipt of a decision terminating his employment, and we questioned the constitutionality of that condition. However, that portion of the regulation does not change the fact that the plaintiff failed to file a grievance with the commission at any time contesting the amount of the agency fee that he was being charged in 1980. It seems clear from both the 1978 and 1982 regulations and from the School Comm. of Greenfield decision that the filing of a grievance is the first step in contesting the amount or use of an agency fee.
[3] The plaintiff argues in his brief that "[n]owhere in the record is there an indication that [the plaintiff] was unwilling to pay his fair share to the union. His challenge before the Labor Commission which ended up in court demonstrated his desire to pay only his fair share. But he did not have that option." It appears from this language that the plaintiff concedes that he could properly be required to pay a fee, as long as no portion of the fee was used to further political purposes.
[4] We also reject the plaintiff's argument that even if his leaving is considered voluntary, it was for "urgent, compelling and necessitous" reasons, and, therefore, he is not disqualified from receiving unemployment benefits. G.L.c. 151A, § 25 (e). The plaintiff has failed to meet his burden of proof on this issue. See Sohler v. Director of the Div. of Employment Sec., 377 Mass. 785, 788 n. 1 (1979).

The plaintiff neglected to file a prohibited practice charge with the commission in 1980 when he contested the agency fee, although he had done so in 1977. See East Chop Tennis Club v. Massachusetts Comm'n Against Discrimination, 364 Mass. 444, 453 (1973). The purpose of bringing a complaint is to give the organization the opportunity to explain the purposes for which the fee is being used. In fact, the organization must prove that the fee is not being used for social or political activities. Abood v. Detroit Bd. of Educ., supra at 241. Because the plaintiff failed to file a grievance with the commission in order to determine what portion, if any, of the agency fee was being used for political purposes, we are unable to determine whether his reasons for leaving his employment were compelling and necessitous.
[5] We note that both parties in this case agree, however, that the plaintiff offered to put the money in escrow but that this course of action was not acceptable to the organization for reasons we are unable to ascertain. We conclude that the plaintiff's actions have fallen short of seeking a determination of how the fee was being spent.