STATE of Delaware, DEPARTMENT OF CORRECTION and Robert Watson, Commissioner of the Department of Correction, Appellees Below, Appellants,

v.

Paul C. WORSHAM, Wayne B. Latney, and James R. Morris, Appellants Below, Appellees.

Nos. 319, 1993.

Supreme Court of Delaware.

Submitted Jan. 18, 1994.
Decided April 4, 1994.

James J. Maxwell, Deputy Atty. Gen., Dept. of Justice, Wilmington, for appellants.

Perry F. Goldlust, Heiman, Aber & Goldlust, Wilmington, for appellees.

Before VEASEY, C.J., MOORE and WALSH, JJ.

WALSH, Justice.

In this appeal from the Superior Court, we address an issue of first impression under Delaware law. The question posed is whether the State Personnel Commission (the "Commission") has the authority to place certain State employees in reclassified positions from which they have been wrongly excluded by misapplication of the Merit System rules and to award such employees back pay. A related issue concerns the jurisdiction of the Superior Court to direct the Commission to grant such remedies to employees wrongly denied such reassignment. The Superior Court ruled that the Commission has the authority to grant the remedies sought in this case. We conclude that the Superior Court ruling was correct and affirm its exercise of jurisdiction.

I

The facts giving rise to the underlying employment grievance are not in dispute. In January 1988, the Department of Correction (the "Department") and the labor union representing certain correctional employees entered into an agreement by which certain "Correctional Officer" positions were to be reclassified as either "Sergeant" or "Corporal" positions. The individuals to occupy the reclassified positions were to be selected by one of two methods. First, any employee who then occupied a position to be reclassified would automatically be reassigned to the reclassified position if the employee had been performing a majority of the duties of the position for a period of at least six months. Such a person was referred to as an "incumbent." Second, if there was no incumbent, the position would be filled by competitive selection, a process leaving the appointing authority with some discretion.

Appellees Paul C. Worsham, Wayne B. Latney, and James R. Morris ("Grievants") held positions within the Department that were not reclassified as required by the agreement, although each believed his duties entitled him to incumbency status. Further, Grievants were not subsequently reassigned to other reclassified positions. Grievants filed separate grievances with the Commission, alleging that they were wrongfully denied the reassignments.[1] The Commission, in separate written decisions, upheld the grievances, i.e., it ruled that all grievants had achieved incumbency status. The Commission ruled, however, that it was without authority to either award Grievants back pay or to order the Department to correct its errors and reassign Grievants to the positions which they were wrongfully denied. In effect, the Commission determined that a wrong existed for which there was no remedy under the State merit system.

Grievants separately appealed the Commission's ruling that it lacked authority to

1. The parties agree that the reassignments to which Grievants claim entitlement cannot be properly characterized as either reclassifications or promotions, but are actually a hybrid of the two. This is not a situation in which certain positions are reclassified with the persons holding the former positions automatically assuming the new positions. Nor is this a situation in which persons are promoted from one existing position to another. This distinction is important to resolving the underlying dispute. *See infra* pp. 1108–1109. We use the term "reassignment" to describe the reclassifications/promotions at issue in this dispute.

award them the remedies they sought to the Superior Court, which consolidated the appeals. In an unusual turn of events, the Commission reversed its position and filed a brief *amicus curiae* supporting Grievants' position that it had the authority to provide the remedies sought. The Department, separately represented, maintained that the Commission was without authority to provide Grievants with a remedy. Upon request of the Superior Court and with the consent of the parties and the Commission, Professor Kenneth A. Sprang, Esquire, of Widener University School of Law also submitted a brief *amicus curiae*, addressing the issue of the Commission's remedial authority. He concluded that the Commission had the authority to award back pay and to reassign Grievants to the reclassified positions.[2]

The Superior Court affirmed the Commission's finding that the grievances were meritorious and held that the Commission had the authority to award back pay and to reassign Grievants to the positions from which they had been excluded. The Court remanded the matter for a determination of the amount of back pay due Grievants and ordered that the Commission give the Grievants "the reclassified positions to which they have been entitled from the outset." In view of the unusual questions of law presented, this Court accepted an interlocutory appeal from the Superior Court's decision.[3]

## II

██ The Department concedes that the Grievants were wrongfully denied reassignment to the reclassified positions. Accordingly, the issues on appeal are (1) whether the Commission has the authority to provide a remedy to the Grievants and (2) whether the Superior Court's authority to review the Commission's decisions includes the authority to direct a remedy. These issues present

questions of law, which are reviewed *de novo* by this Court, as well as the Superior Court, incident to the two-tiered appellate process from decisions of an administrative agency. *See Hubbard v. Hibbard Brown & Co.*, Del. Supr., 633 A.2d 345, 348 (1993).

### A.

The Commission was created to enforce and regulate a merit system of personnel administration in State government pursuant to 29 *Del.C.* ch. 59 (the "Merit System"). The Merit System was established by the General Assembly to provide "a system of personnel administration based on merit principles and scientific methods governing employees of the State in the classified service consistent with the right of public employees to organize under Chapter 13 of Title 19." 29 *Del.C.* § 5902. The duties of the Commission include "broad policy making responsibility for improving personnel standards and administration in the state service in accordance with merit principles." 29 *Del.C.* § 5907(1).

The statutory scheme for a classified service mandated the adoption of Merit Rules. 29 *Del.C.* § 5914. Merit Rule 3.0910 provides that in the case of a reclassification, "the incumbent shall be entitled to serve [in the reclassified position] with permanent status," if the incumbent had permanent status before the reclassification and as long as the incumbent meets the minimum qualifications for the new class. This rule effectively provides that a qualified incumbent whose position is reclassified is automatically entitled to the corresponding reassignment. In the cases here under review, it is undisputed that Grievants were qualified incumbents. Therefore, as the Commission specifically determined, they were entitled to be reassigned to the sergeant or corporal positions.

---

**2.** Pursuant to Supreme Court Rule 42(d)(vi)(A), this Court has reviewed Professor Sprang's brief. We have found the brief helpful and express our appreciation for his effort *pro bono publico.*

**3.** In an earlier decision dated December 9, 1992, the Superior Court affirmed the Commission's finding on the validity of the grievances but reversed the Commission's determination that it

lacked the authority to award back pay. The Department then filed a motion for clarification of the Superior Court's decision asking the court to clarify whether the Commission had the authority to grant Grievants the reassignments. On August 19, 1993, the Superior Court held that the Commission had such authority. That ruling is the subject of the present appeal.

■ The exclusive remedy available to a classified employee for the redress of an alleged wrong arising under a misapplication of the Merit Rules is the filing of a grievance with the Commission. 29 *Del.C.* § 5943(a). The statute requires that the Merit Rules "provide for the establishment of a plan for resolving employee grievances and complaints." 29 *Del.C.* § 5931. However, neither the statute nor the Rules contain an express provision concerning the Commission's authority to make certain remedial awards such as those sought by Grievants. The Department claims that this failure to provide for a specific remedy precludes the Commission from awarding the relief Grievants seek. Grievants claim, as did the *amici* in the Superior Court, that a remedy for the undisputed wrong may be inferred from the statutory scheme.

### B.

■ It is settled Delaware law that "the authority granted to an administrative agency should be construed so as to permit the fullest accomplishment of the legislative intent or policy." *Atlantis I Condominium Ass'n v. Bryson,* Del.Supr., 403 A.2d 711, 713 (1979). An expressed grant of legislative power to an agency carries with it the authority to do all that is reasonably necessary to execute that power. *Id. See also* 3 Norman J. Singer, *Sutherland Statutory Construction,* § 65.03 (5th ed. 1992) (citing *Bryson*). Equally settled is the so-called "golden rule of statutory interpretation," which provides that "unreasonableness of the result produced by one among alternative possible interpretations of a statute is reason for rejecting that interpretation in favor of another which would produce a reasonable result." *Coastal Barge Corp. v. Coastal Zone Indus. Control Board,* Del.Supr., 492 A.2d 1242, 1247 (1985); 2A *Sutherland Statutory Construction, supra,* § 45.12.

The Department asserts that the Merit System and the Merit Rules promulgated thereunder do not provide Grievants any remedy for the wrongs they have admittedly suffered. We reject this construction of the statute on the basis of the above quoted canons of statutory construction since under the Department's thesis the Merit System fails of its essential purpose. The General Assembly established the Merit System to facilitate a classified service in which employees were evaluated by using "merit principles and scientific methods." 29 *Del.C.* § 5902. Under that system, Grievants were entitled to be reassigned. The Commission was created to further this aim and given exclusive jurisdiction to "redress" wrongs arising from a misapplication of any provision of the Merit System. 29 *Del.C.* § 5943. "Redress" means "to correct" and to "compensat[e] ... for a wrong or injury." *Random House Unabridged Dictionary* 1617 (2d ed. 1993). Thus, fairly read, the Merit System statute authorizes the Commission to correct and compensate for the wrongs sustained by State employees in the course of their employment with the State of Delaware. A contrary reading of the statute would frustrate the very purpose of the Merit System and emasculate the Commission's power of redress. We decline to adopt such an unreasonable and strained interpretation. *See Coastal Barge Corp.,* 492 A.2d at 1247.

The fact that the statute does not expressly provide Grievants with a remedy does not leave the Commission powerless to redress wrongs. "If a statute which expressly creates a right does not indicate expressly the remedy, one is usually implied...." 2B *Sutherland Statutory Construction, supra,* § 55.03. "Where a statute confers powers or duties in general terms, all powers and duties incidental and necessary to make such legislation effective are included by implication." *Id.,* § 55.04. The Merit System scheme, and the underlying legislative intent, cannot be effective unless the Commission is empowered to remedy wrongs such as those sustained by Grievants. Therefore, we imply such authority in the statutory scheme.

■ The remedies sought by Grievants, and ordered by the Superior Court, were appropriate under the facts of this case. Grievants are entitled to back pay to compensate them for the monetary loss they have suffered as a result of the errors committed by the Department. Further, they are entitled to be reassigned to the reclassified positions. Grievants were entitled to

these positions from the outset and will not be made whole until they have been placed in the positions. We are mindful of the fact that other persons currently occupy these positions as a result of the errors committed by the Department and that these innocent third parties may have to be removed from the positions to accommodate Grievants. However, as we have noted, Grievants were entitled to these positions from the time the positions were created and those occupying them at present would have never been in such positions had the Department properly applied the Merit Rules. Accordingly, the Commission has the authority to "bump" those currently occupying the reclassified positions in order to place Grievants in such positions. *See Lander v. Lujan,* D.C.Cir., 888 F.2d 153, 157 (1989) (bumping is the presumptive remedy for unlawful demotions or discharges within the federal civil service system).

The Department claims that the Commission is without authority to order the reclassification of Grievants since it would be a violation of statutory and constitutional principles to permit the Commission to change the staffing complement of the Department through reclassification. This argument is without merit. By ordering Grievants placed in the reclassified positions, the Commission would not be infringing upon the statutorily authorized funding of the Department or the constitutional prohibition against spending public funds that have not been appropriated by the General Assembly. Del. Const. Art. VIII, § 6. Rather, the Commission would be exercising its statutory authority to remedy wrongs arising out of a misapplication of the Merit Rules. By bumping those currently occupying the reclassified positions, no additional funding would be required. Similarly, the payment of back pay is a proper charge upon Department appropriations for personnel costs actually incurred.

### III

■ Having concluded that the Commission has the authority to grant the remedies sought by Grievants, we now turn to the question of the Superior Court's appellate jurisdiction and the basis for its direction that the Commission grant an appropriate remedy. Relying on certain Superior Court decisions involving solely reclassifications, the Department contends that the Superior Court lacked jurisdiction over Grievants' appeals. Since this claim raises a question of subject matter jurisdiction, we consider it even though it was not raised in the Superior Court. *See Koutoufaris v. Dick,* Del.Supr., 604 A.2d 390, 400–01 (1992) (claim that court lacks subject matter jurisdiction may be raised at any stage of the proceedings, including appeal).

■ The Superior Court's authority to entertain appeals from administrative agencies must be statutorily conferred. *Sinha v. Board of Trustees of Del. Tech. & Com. College,* Del.Super., 585 A.2d 1310, 1313 (1990). The Superior Court has jurisdiction over appeals from case decisions of the Commission pursuant to the Administrative Procedures Act, 29 *Del.C.* ch. 101. *See* 29 *Del.C.* §§ 10142, 10161(12); *Peterson v. Hall,* Del. Supr., 382 A.2d 1355 (1978). In a series of unreported decisions the Superior Court has held that it lacks jurisdiction over reclassification decisions of the Commission since such decisions are not "case decisions" from which the Superior Court may entertain appeals pursuant to 29 *Del.C.* § 10142.[4] See *Pitcavage v. State Personnel Comm'n,* Del.Super., No. 92A–07–006, 1993 WL 93458, Jacobs, V.C. (March 25, 1993); *Gedney v. Ting,* Del.Super., No. 89A–MY–1, Ridgely, P.J. (Dec. 26, 1990); *Sheiker v. State Personnel Comm'n,* Del.Super., No. 89A–JA–2, 1989 WL 89609, Steele, J. (July 10, 1989). In our view, however, these decisions are clearly distinguishable.

Under the Administrative Procedures Act, a "case decision" is defined as:

any agency proceeding or determination that a *named party* as a matter of past or present fact, or of threatened or contemplated private action, is or is not in violation of a law or regulation, or is or is not in compliance with any existing requirement

---

4. "Any party against whom a *case decision* has been decided may appeal such decision to the [Superior] Court." 29 *Del.C.* § 10142(a) (emphasis added).

 

for obtaining a license or other right or benefit. . . .

29 *Del.C.* § 10102(3) (emphasis added). Since reclassification determinations relate solely to specific positions, and not to the right of a particular person to occupy a position, the Superior Court has viewed Commission reclassifications rulings as not involving a "named party" for purposes of qualifying as "case decision" from which a right of appeal lies pursuant to 29 *Del.C.* § 10142.

We need not determine the propriety of these holdings because a different legal issue is presented here. Even assuming *arguendo* that the Superior Court lacks jurisdiction to review reclassification decisions of the Commission, per se, the reclassification process itself is not in dispute here. This case involves a challenge to the reassignment rights of certain individuals to achieve a different employment status. *See supra,* note 1. A decision affecting such entitlement clearly involves a "named party" and is therefore a "case decision" from which a right of appeal exists in the Superior Court. *See Peterson,* 382 A.2d at 1357–59.

Since the Superior Court had jurisdiction over Grievants' appeals from the Commission decisions, it follows that the court had the authority to order the Commission to award back pay and the reclassified positions to Grievants. In ordering the Commission to award Grievants the reclassified positions with back pay, the Superior Court was not awarding direct relief itself but requiring the Commission to exercise its powers of redress in accordance with the court's definition of that authority. The Superior Court reviews questions of law *de novo* in an appeal from an administrative agency. *See Hubbard v. Hibbard Brown & Co.,* 633 A.2d at 348. The court correctly determined that, as a matter of law, the Commission had the authority to award Grievants back pay and the reassignments. Consequently, it reversed the portions of the Commission's decisions holding to the contrary and ordered the Commission to remedy the wrongs. This was a proper exercise of appellate review. *See State v. Skinner,* Del.Supr., 632 A.2d 82 (1993) (Supreme Court directed Superior Court to enter specific order).

The Department alleges that the Superior Court, in ordering the Commission to provide a remedy, granted equitable relief to Grievants in excess of its authority as a law court. But, as previously noted, while the Superior Court's reversal took the form of a direction to grant a specific remedy, its decision was merely an articulation of the Commission's own implied statutory authority. Equitable jurisdiction is not implicated in this controversy since the Merit System itself provides the remedies sought by Grievants. "While the Court of Chancery has expertise in many areas, it has nothing special to offer in the area of public administration and its general jurisdiction should be invoked sparingly in Merit System controversies." *Peterson,* 382 A.2d at 1359. The Superior Court properly interpreted the applicable statutory provisions and determined that it permitted the remedies sought by Grievants. The remedies therefore existed at law. *Id.* at 1358–59. *Cf. Mason v. Board of Pension Trustees,* Del.Super., 468 A.2d 298, *aff'd,* Del.Supr., 473 A.2d 1258 (1983).

IV

We conclude that the Commission has the authority to award Grievants back pay and to place them in the reclassified positions. We also conclude that the Superior Court properly exercised its jurisdiction in ordering the Commission to grant such relief to Grievants. We note the fact that Grievants have now waited almost five years to receive the reassignments to which they are entitled. We anticipate that the Department will act promptly with respect to Grievants so that the intent of the General Assembly in establishing the Merit System will be effectuated as expeditiously as possible.

The decision of the Superior Court is AFFIRMED.