585 A.2d 1310 (1990)
Sindhu SINHA, Plaintiff,
v.
The BOARD OF TRUSTEES OF DELAWARE TECHNICAL & COMMUNITY COLLEGE, and John H. Jones, individually and in his official capacity, Defendants.
Superior Court of Delaware, New Castle County.
Submitted: August 3, 1990.
Decided: August 3, 1990.
Sheldon N. Sandler, James F. Maher, Teresa C. Fariss, Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiff.
David H. Williams, Morris, James, Hitchens & Williams, Wilmington, for defendants.

OPINION
DEL PESCO, Judge.
Before the court is a motion for summary judgment filed by defendant Board of Trustees of Delaware Technical and Community College ("Del Tech") and John H. Jones[1], individually and in his official capacity.
*1311 This case arises as a result of a lawsuit alleging breach of contract filed by the plaintiff Sindhu Sinha ("Sinha") after Del Tech terminated her employment. Sinha alleges that her employment of eighteen (18) years with Del Tech was terminated without just cause, as required by the Del Tech Employee Master Contract. Del Tech asserts that the termination of Sinha's employment was for just cause, to wit: repeated unprofessional conduct of a nature that she had been warned against prior to her ultimate termination.
Sinha was notified on June 8, 1986, that John Jones, Del Tech Vice-President and Campus Director of the Stanton/Wilmington campuses, had recommended that her employment be terminated. Sinha requested and received a pre-termination hearing on June 25, 1986 before Mr. Jones. After the hearing, Mr. Jones terminated Sinha's employment for unprofessional conduct. Sinha requested a post-termination hearing by letter to the Board of Trustees of Del Tech. Mr. James Ford, Assistant to the President of Del Tech, conducted a post-termination hearing on October 24, 1986. Following the hearing, Mr. Ford affirmed the decision to terminate Sinha's employment.
In order to grant a motion for summary judgment, the Court must find that there are no genuine issues of material fact and that the movant is entitled to a judgment as a matter of law. Snyder v. Baltimore Trust Co., Del.Super., 532 A.2d 624 (1986). The Court examines the record in the light most favorable to the non-moving party. Sweetman v. Strescon Industries, Inc., Del.Super., 389 A.2d 1319 (1978).
Effective July 1, 1976, administrative procedures were governed by Title 29, Chapter 64 which provided:
(d) The Court, when factual determinations are at issue, shall take due account of the experience and specialized competence of the agency and of the purposes of the basic law under which the agency has acted. The court's review, in the absence of actual fraud, shall be limited to a determination of whether the agency's decision was supported by substantial evidence on the record before the agency. 29 Del.C. § 6442(d).
A new Administrative Procedures Act became effective July 1, 1980. That act also provided for judicial review on the record. 29 Del.C. § 10142. The 1980 act sets forth the following statement of policy:
The purpose of this chapter is to standardize the procedures and methods whereby certain state agencies exercise their statutory powers and to specify the manner and extent to which action by such agencies may be subjected to judicial review.
Through the years the number of agencies controlled by the Act has grown from nineteen to thirty-four. Del Tech is not included.
The Delaware Code sets forth specific statutory provisions which relate to the University of Delaware, 14 Del.C. Chapters 51, 53 and 57; Delaware State College, 14 Del.C. Chapter 65, and Delaware Technical and Community College, 14 Del.C. Chapter 91.
Among the various powers granted to the Board of Trustees of the Delaware Technical and Community College is the authority "[t]o appoint members of the administrative and teaching staffs of the institutions and to fix their compensation and terms of employment" and "[t]o enter into contracts." 14 Del.C. § 9105(d)(6) and (10). The statute does not establish a procedure for terminating employees or for judicial review of such a termination.[2]
Delaware Technical and Community College has a personnel policy manual which provides, inter alia, as follows:
CONDUCT AND CORRECTIVE ACTION POLICY
* * * * * *
No attempt is made here to specify all the possible reasons for corrective action. In general, however, corrective action *1312 may be taken whenever an employee conducts himself or herself in a manner that is not consistent with the best interests of the College, its students, and its staff. The corrective action may be a reprimand, suspension with or without pay, demotion or reassignment, termination of the employment contract or other appropriate action.
In the event corrective action is warranted, it shall be done in accordance with the following procedures where possible: [footnote omitted]
1. Evaluation of the problem by the immediate supervisor who shall attempt to resolve it. If it is not resolved,
2. Notification to the employee in writing that the problem exists;
3. Corrective action;
4. [Footnote omitted] An employee who is subject to corrective action may, within five (5) working days of notice of the action, submit a written request for review and reconsideration. The review shall be conducted by an appropriate official of the College as promptly as is reasonable under the circumstances. The College official shall be one who has not participated in evaluation of the problem and has made no recommendations or decisions concerning the corrective action. The employee shall be afforded the opportunity to present his/her views concerning the action to the official conducting the review. Written notice of the results of the review shall be mailed or given to the employee within five (5) working days following conclusion of the review.
5. Except in cases of termination or nonrenewal, the problem shall be reevaluated after a reasonable period of time.
6. Notification to employee in writing of either satisfactory resolution of the problem or of continued seriousness of the problem and the imposition of further corrective action.
The policy does not mention the procedure to be followed if a review of the decision to terminate is desired.
Plaintiff, Sinha signed the standard employee master contract which provided that the employer could terminate the employment after the probationary period "for good cause, which shall be fully set forth in the notice of termination and, further, shall be supported by affidavits of person(s) having knowledge of such cause and by such other evidence as may be deemed sufficient to Employer."
The contract also provides that:
"[q]uestions arising under the terms of this contract and disputes arising from the employment relationship shall be heard and decided in accordance with the procedures set forth in the Delaware Technical and Community College Board of Trustees Personnel Policy Manual."
In summary, there is no statute which governs the standard of review of the College's actions and there is no contractual provision which sets forth an agreed upon review procedure.
The issue before this Court is a narrow one; is the plaintiff permitted to pursue her action for breach of contract of employment de novo or was she compelled to proceed on the record established as part of the grievance process before the College?
The Superior Court has only the jurisdiction conferred on it by the Constitution and laws of the State of Delaware. 10 Del.C. § 541. The Constitution gives the Court jurisdiction of all civil claims at common law and jurisdiction and power as vested by the laws of the State. Del. Const. Art. IV, § 7; Monroe Park v. Metropolitan Life Ins. Co., Del.Supr., 457 A.2d 734, 738 (1983).
As noted, the Administrative Procedures Act confers appellate jurisdiction on the Superior Court with regard to some thirty-four different State agencies. In addition, a number of other commissions and agencies have appellate review by the Superior Court as part of the enacting statutes. See 19 Del.C. § 3323(a) (appeals from the Unemployment Insurance Appeal *1313 Board); 24 Del.C. § 1619(d) (appeals from the Commission on Adult Entertainment); 29 Del.C. § 8308(i) (appeals from the Board of Pension Trustees); 14 Del.C. § 1414 (appeals from a Board of Education's decision under the Teacher Termination Act). In view of the comprehensive nature of the Administrative Procedures Act and the legislative practice of providing appellate review from certain State agencies and commissions, it is clear that the Superior Court has no jurisdiction to treat a matter as an appeal unless it has specific statutory authority to do so. There being no such authorization with regard to Del Tech, the Court could not have heard the pending action as an appeal. The matter will proceed as a breach of contract action on a de novo basis. Cf. Sedule v. Capital School Dist., 425 F.Supp. 552 (D.Del.1976) aff'd, 565 F.2d 153 (3rd Cir.1977), cert. denied, 434 U.S. 1039, 98 S.Ct. 780, 54 L.Ed.2d 789 (1978).
For the reasons set forth herein, defendants' motion for summary judgment is DENIED.
IT IS SO ORDERED.
NOTES
[1] Dismissed in his individual capacity by Stipulation filed May 24, 1990.
[2] Such provisions are also missing from the statutes creating the University of Delaware and Delaware State College.