# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DECEMBER CORPORATION,    :
                :
     Appellant,    :   K15A-04-001 JJC
                :   In and For Kent County
     v.        :
                :
WILD MEADOWS HOME   :
OWNERS ASSOCIATION,   :
                :
     Appellee.    :
                :

## ORDER

Submitted: February 24, 2017
Decided: March 7, 2017

On this 7th day of March 2017, having considered Appellant December Corporation's (hereinafter December Corp.'s") motion for relief from judgment pursuant to Superior Court Civil Rule 60(b) and Appellee Wild Meadows Homeowners Association's (hereinafter "Wild Meadows'") response, it appears that:

1. December Corp. manages the Wild Meadows manufactured home community in Dover.[1]  Primarily, the tenants at Wild Meadows own their homes but rent the land from the community owner.[2]  On November 10, 2014, pursuant to 25 *Del. C.* § 7043, December Corp. initiated the statutorily required meeting with Wild Meadows' tenants in order to discuss a proposed rent increase in excess of the CPI-U.[3]  After a hearing on the issue of a rent increase, the original arbitrator issued a decision

---

[1] *December Corp. v. Wild Meadows Home Owners Ass'n*, 2016 WL 3866272, at *1 (Del. Super. Ct. July 12, 2016).

[2] *Id.*

[3] The statutory scheme requires the community owner to schedule a final meeting between the parties to discuss the reasons for the rental increase.  25 *Del. C.* § 7043.

on March 30, 2015.[4]  There, he decided that December Corp. was not entitled to a rental increase for construction costs or for the 1.7% CPI-U increase.[5]  However, the arbitrator awarded a $2.50 increase representing the Authority Fee.[6]  December Corp. filed an appeal of the arbitrator's final decision.[7]

2. On appeal from the arbitrator's decision, the Court held that the proper standard of review was that of substantial evidence, meaning that the Superior Court will not overturn an arbitrator's decision that is supported by substantial evidence and free from legal error.[8]  Furthermore, this Court remanded the case with instructions for the arbitrator to make factual findings regarding the Rent Justification Act's criteria for a rental increase in excess of the CPI-U.[9]

3. Once the case was remanded for the arbitrator to make these factual findings, December Corp. sought and obtained the original arbitrator's recusal.[10]  Absent that recusal, both parties agree that a new hearing would not be needed and this motion would not be before the Court.  In that case, the parties agree that the original arbitrator would have appropriately decided the remaining factual issues on the current record since he had already conducted a full hearing.  However, a new arbitrator was

---

[4] *December Corp.*, 2016 WL 3866272, at *1.

[5] *Id.* at 2.

[6] *Id.*

[7] *Id.* at 1.

[8] *Id.* at 3. The Court's opinion regarding the proper standard of review was based primarily on discussion in a Delaware Supreme Court case analyzing the Rent Justification Act, and recognition that substantial evidence review dominates Delaware's administrative law landscape.  *Id.* (discussing *Bon Ayre Land LLC v. Bon Ayre Comty. Ass'n*, 133 A.3d 559, 2016 WL 747989, at *2 n.11 (Del. 2016) (Table)).

[9] *Id.* at 4.

[10] Wild Meadows Response at ¶8.

appointed and determined that a new hearing was necessary in order to make the required factual findings.[11]  December Corp. now seeks relief from the Court's order to foreclose this second hearing.  In this claim, December Corp. seeks relief pursuant to Superior Court Civil Rule 60(b) claiming that the July 2016 Opinion did not require or suggest that a new evidentiary hearing was required.  It argues that a new hearing would be inequitable and a waste of time and resources.

4. In response, Wild Meadows argues that a Rule 60(b) motion is not the appropriate method to seek relief.  Wild Meadows argues that a Rule 60(b) motion is inappropriate because December Corp. is not seeking relief due to "[m]istake; inadvertence; excusable neglect; newly discovered evidence; fraud, etc." [12] Furthermore, Wild Meadows argues that in providing deference to an arbitrator's decision, as required under a substantial evidence review, the Court must recognize the need for the arbitrator to see, hear, and question witnesses.  According to Wild Meadows, if the new arbitrator is not permitted to hold a new hearing, a reviewing court would not provide this deference on appeal.

5. In addition to the grounds argued by Wild Meadows, Rule 60(b) allows for relief from judgment when "it is no longer equitable that the judgment should have prospective application."[13]  Rule 60(b) also provides relief if there is "any other reason justifying relief from the operation of the judgment."[14]  As such, the Court does not hold at the outset that Rule 60(b) could not provide December Corp. relief.

---

[11] December Corp. Motion ¶5.

[12] Wild Meadows Response at ¶1.

[13] Superior Ct. R. 60(b)(5).

[14] Superior Ct. R. 60(b)(6).

3

6. For relief under Rule 60(b)(5), December Corp. must show "that, if unchanged, the prior judgment will work manifest injustice on the moving party."[15] Furthermore, in order to obtain relief pursuant to Rule 60(b)(6), December Corp. "must demonstrate extraordinary circumstances."[16] Obtaining relief under Rule 60(b)(6) is more exacting than the other provisions of Rule 60(b).[17]

7. Here, December Corp.'s argument for relief centers on the fact that the parties expended significant time and money creating a record before the original arbitrator. December Corp. argues that repeating the hearing would work manifest injustice by unduly wasting time and resources. December Corp. further argues that these circumstances provide a basis for Rule 60(b) relief because the Court could not have intended the July 2016 Opinion to have such consequences. While both parties agree that holding a second hearing would cost both sides significant time and money and would have been unnecessary had the original arbitrator remained assigned to the case, this reality does not provide a basis for relief under Rule 60(b).

8. As noted above, the Court's earlier opinion held the proper standard of review of an arbitrator's decision to be that of substantial evidence.[18] The substantial evidence standard of review recognizes the considerable deference given an arbitrator. This deference is appropriate because it is the arbitrator who sees, hears, and questions witnesses and is better able to determine the credibility and weight of each of the witnesses' testimony.[19] It also follows that these decisions are not entitled to the same

---

[15] *Nakahara v. NS 1991 Am. Tr.*, 718 A.2d 518, 520 (Del. Ch. 1998). The Court of Chancery's Rule 60(b)(5) has the same language as that found in Superior Court Civil Rule 60(b)(5).

[16] *Bachtle v. Bachtle*, 494 A.2d 1253, 1256 (Del. 1985) (quoting *Jewell v. Div. of Soc. Servs.*, 401 A.2d 88, 90 (Del. 1970).

[17] *MCA, Inc. v. Matsushita Elec. Indus. Co.*, 785 A.2d 625, 634 n.9 (Del. 2001).

[18] *December Corp.*, 2016 WL 3866272, at *3.

[19] *Landis v. Brandywine Med. Mgmt.*, 2004 WL 3030016, at *2 (Del. Super. Ct. Dec. 22, 2004);

4

deference when the arbitrator is not the one who sees, hears, and questions the witnesses.[20] Accordingly, the Court will not grant the requested relief by directing the arbitrator to forgo her discretion in determining the appropriate scope of the record. She is charged with making findings regarding the criteria set by the Rent Justification Act and is best suited to control the hearing process.

9. As litigation has unfolded regarding the Rent Justification Act, both this Court and the Delaware Supreme Court have remanded cases to the arbitrators. In doing so, those cases recognized the arbitrator's discretion regarding whether or not to expand the record.[21] Here, the July 2016 Opinion provided the arbitrator this same discretion. Giving the arbitrator this appropriate discretion does not create manifest injustice or extraordinary circumstances that would justify relief under Superior Court Civil Rule 60(b).

10. December Corp. argues that the Court's July 2016 Opinion does not provide explicit authority for the new arbitrator to open the record, and accordingly, the arbitrator has no discretion to require additional evidence. This argument, however, is outside the scope of a motion for relief from judgment and is more akin to an interlocutory appeal. In Wild Meadows response, it indicates that an interlocutory appeal or an extraordinary writ would have been the appropriate means for December Corp. to seek relief, rather than relying upon Rule 60(b).[22] However, neither an

---

*Pierson v. Parkview Nursing Home*, 1995 WL 108730, at *2 (Del. Super. Ct. Feb. 7, 1995).

[20] *Landis*, 2004 WL 3030016, at *2; *Pierson*, 1995 WL 108730, at *2.

[21] *Bon Ayre Land LLC v. Bon Ayre Cmty. Ass'n*, 2016 WL7036580, at *3 (Del. Super. Ct. Dec. 2, 2016) (recognizing that "the arbitrator will be best suited to determine the ultimate scope of the record . . ."); *see also Bon Ayre Land LLC v. Bon Ayre Cmty. Ass'n*, 133 A.3d 559, 2016 WL 747989, at *3 (Del. 2016) (Table) (remanding the case so the parties could re-argue the issues and present additional evidence on the claim, if required in the arbitrator's discretion).

[22] Wild Meadows' Response ¶1 n.4.

5

interlocutory appeal nor a writ of certiorari would be appropriate in this instance.[23] December Corp. cannot use a Rule 60(b) motion to accomplish what it cannot through an interlocutory appeal.

11. In advancing this argument, December Corp. incorrectly emphasizes certain references in the Court's July 2016 Opinion where the Court referenced a record review.[24] Rather than supporting a limit of the discretion of the arbitrator, the first two references include this Court's analysis regarding the appropriate standard of review **on appeal**. The third instance December Corp. references merely discusses this Court's rejection of December Corp.'s argument that a *de novo* standard of review is the appropriate standard **on appeal**. Based on direction from the Delaware

---

[23] Before a court will issue a writ of certiorari, "the judgment below must be final." Here, there is not a final judgment by the arbitrator; she merely decided that a new record was required to satisfy the Court's July 2016 Opinion. As such, there is no final order for the Court to review pursuant to a writ of certiorari. Furthermore, December Corp. could not bring this as an interlocutory appeal. When reviewing a decision, "[a]ppellate courts ordinarily have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction." Moreover, given the general disfavor of interlocutory appeals and "the strong policy against piecemeal review, statutes authorizing interlocutory appeals are to be strictly construed." 4 Am. Jur. 2d *Appellate Review* § 112. Here, the Rent Justification Act provides the Superior Court with jurisdiction to hear an appeal of an arbitrator's decision. However, this statute does not explicitly provide for the court to hear interlocutory appeals. As the Rent Justification Act does not explicitly provide for an interlocutory appeal, the Court does not have jurisdiction to hear an appeal regarding this interim matter. *Sinha v. Bd. of Trs. of Del. Tech. & Cmty. Coll.*, 585 A.2d 1310, 1313 (Del. Super. Ct. 1990) (noting that given "the legislative practice of providing appellate review from certain State agencies and commissions, it is clear that the Superior Court has no jurisdiction to treat a matter as an appeal unless it has specific statutory authority to do so").

[24] December Corp. first emphasizes page 6 of the Court's July 2016 Opinion where the Court recognized that another Superior Court decision held the Rent Justification Act required *de novo* review on the record. December Corp. then looks to page 7 of the Court's Opinion where the Court quoted from the Delaware Supreme Court's *Bon Ayre* decision saying that the arbitrator's decision should be given deference if based on substantial record evidence. Finally, December Corp. points to page 8 where the Court analyzed December Corp.'s arguments for imposing a *de novo* standard of review based on the Rent Justification Act's language stating the Superior Court will address arguments of the parties to determine whether the record created in the arbitration is sufficient justification under the Code to increase the rent.

6

Supreme Court,[25] this Court specifically rejected that standard of review.[26] Accordingly, the Court's reference to the record was not a signal to the parties or the arbitrator that, on remand, the arbitrator was required to make factual findings based on the previously created record.   That remains within the discretion of the arbitrator.

12.   Admittedly, the Court's Opinion did not specify whether or not the arbitrator needed to expand or supplement the record and take new evidence.   That was left to the discretion of the arbitrator.   Here, before recusal, the original arbitrator had the discretion to decide a new hearing was not necessary.   Likewise, the new arbitrator must have the same level of discretion.   Both parties must exhaust their administrative remedies before appealing a final decision under the Act.[27]   Under the circumstances of this case, Superior Court Civil Rule 60(b) does not provide for an exception to December Corp.'s responsibility to first exhaust its administrative remedies.

13. December Corp. has not demonstrated it is entitled to relief from judgment pursuant to Rule 60(b), and no interlocutory appeal from an arbitrator's decision is available under the Rent Justification Act.

**WHEREFORE**, December Corp.'s Motion for Relief under Superior Court Rule 60(b) is **DENIED**.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Judge

---

[25] *Bon Ayre Land LLC*, 133 A.3d 559, 2016 WL 747989, at *3.

[26] *December Corp. v. Wild Meadows Home Owners Ass'n*, 2016 WL 3866272, at *3 (Del. Super. Ct. July 12, 2016).

[27] *See Levinson v. DCRB*, 616 A.2d 1182, 1187 (Del. 1992)(recognizing that Delaware has adopted the doctrine of exhaustion of administrative remedies which requires that "where a remedy before an administrative agency is provided, relief must be sought by exhausting this remedy before the courts will either review any action by the agency or provide an independent remedy.").

7