IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE *Ex Rel.* RICHARD ABBOTT, | § | |
| | § | |
| Plaintiff Below, | § | No. 344, 2018 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| JENNIFER-KATE AARONSON and | § | |
| DELAWARE OFFICE OF | § | |
| DISCIPLINARY COUNSEL, | § | C.A. No. N18M-01-121 EMD |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: February 20, 2019
Decided: February 25, 2019

Before **STRINE**, Chief Justice; **VAUGHN**, **SEITZ**, **TRAYNOR**, Justices; and **NEWELL**, Chief Judge,[*] constituting the Court *en Banc*.

*PER CURIAM:*

# **O R D E R**

This 25th day of February 2019, it appears to the Court that:

(1)     The appellant and plaintiff below, Delaware attorney Richard Abbott, brought this action in the Superior Court seeking a writ of *mandamus* to command the appellees and defendants below, Jennifer-Kate Aaronson and the Delaware Office of Disciplinary Counsel ("ODC"), to carry out their duties to process a disciplinary complaint he filed with the ODC against another Delaware attorney.

---

[*] Sitting by designation under Del. Const. art. IV, § 12.

Aaronson was at the time the chief disciplinary counsel of the ODC and was therefore charged with handling disciplinary complaints filed against Delaware attorneys.[1]  According to Abbott, Aaronson and the ODC had been dragging their feet on processing his disciplinary complaint, and he wanted action.

(2)    Aaronson and the ODC moved to dismiss Abbott's complaint under Superior Court Rule 12(b)(6), which the court below granted.  In dismissing Abbott's complaint, the Superior Court reasoned that because the ODC is an arm of the Supreme Court and Aaronson is an employee of the Supreme Court, the Superior Court lacks the authority to issue a writ of *mandamus* to compel the ODC or Aaronson to carry out their official duties.[2]  Abbott appeals from that dismissal, which we review *de novo*.[3]

(3)    In basic terms, a *mandamus* is "[a] writ issued by a court to compel performance of a particular act by a lower court or a governmental officer or body."[4] A *mandamus* is "an exceptional remedy that is not available as a matter of right," and it may be directed only at certain entities or individuals: "a lower court, agency,

---

[1] Although Aaronson is no longer chief disciplinary counsel, we assume for purposes of this appeal that the turnover does not render Abbott's request moot.
[2] *State ex rel. Abbott v. Aaronson*, C.A. No. N18M-01-121 EMD (Del. Super. Ct. June 12, 2018) (ORDER); App. to Opening Br. at A-55–56 (Bench Ruling).  In its bench ruling, the Superior Court also cited two alternative grounds.  Because we affirm the Superior Court's judgment, we need not reach those alternative grounds.
[3] *Feldman v. Cutaia*, 951 A.2d 727, 730 (Del. 2008).
[4] BLACK'S LAW DICTIONARY, "Mandamus" (10th ed. 2014).

2

or public official."[5]  This flows naturally from the writ's status at common law in England as "a command issuing in the king's name from the court of king's bench, and directed to any person, corporation, or inferior court of judicature within the king's dominions."[6]  Just as such a writ of *mandamus* at common law in England could be directed only to some person, entity, or inferior court "within the king's dominions,"[7] the Delaware Superior Court can direct a *mandamus* only to "a lower court, agency, or public official" over which the Superior Court has power.[8]

(4)  In this case, the Superior Court lacked the authority to issue a *mandamus* because the ODC is not a "lower court" or an "agency," and Aaronson is not a "public official," over which the Superior Court has power for purposes of a *mandamus*.  As the Superior Court correctly recognized, the "ODC is an arm of the Supreme Court," and Aaronson "is an employee of the Supreme Court."[9]  Supreme Court Rule 64 provides:

> There shall be an Office of Disciplinary Counsel, consisting of a chief disciplinary counsel, one or more deputy disciplinary counsel, and as

---

[5] *Brittingham v. Town of Georgetown*, 113 A.3d 519, 524 (Del. 2015); *accord Clough v. State*, 686 A.2d 158, 159 (Del. 1996) ("A *writ of mandamus* is a command that may be issued by the Superior Court to an inferior court, public official, or agency . . . ."); *Marbury v. Madison*, 5 U.S. 137, 168 (1803) (quoting Blackstone's description of a writ of mandamus as "a command issuing in the king's name from the court of king's bench, and directed to any person, corporation, or inferior court of judicature within the king's dominions" (emphasis and internal quotation marks omitted) (quoting 3 WILLIAM BLACKSTONE, COMMENTARIES *110)).

[6] *Marbury v. Madison*, 5 U.S. 137, 168 (1803) (quoting 3 WILLIAM BLACKSTONE, COMMENTARIES *110) (internal quotation marks and emphasis omitted).

[7] *Id.* (quoting 3 WILLIAM BLACKSTONE, COMMENTARIES *110) (internal quotation marks omitted).

[8] *Brittingham*, 113 A.3d at 524.

[9] App. to Opening Br. at A-56 (Bench Ruling).

3

necessary or appropriate, one or more special disciplinary counsel. Each such disciplinary counsel shall be an attorney admitted to practice in this State and shall be appointed by the Court. Each such disciplinary counsel shall serve at the pleasure of the Court.[10]

As that language makes clear, the ODC exists only by virtue of its establishment by this Court, and its chief disciplinary counsel (*i.e.*, Aaronson) is appointed by and subject to removal by this Court. The Superior Court, of course, does not have the power to command this Court or its employees to carry out their official duties.[11]

(5)    This result is also consistent with this Court's "'inherent and exclusive authority to discipline members of the Delaware Bar.'"[12] The ODC exists to help this Court to carry out its responsibilities to regulate the legal profession in Delaware. Accordingly, we have described the ODC as "an agency of this Court," with referral to the ODC being "consistent with the principle that this Court alone has the inherent and exclusive responsibility for disciplining members of the Delaware Bar."[13] If the Superior Court were to issue a *mandamus* to command the

---

[10] Supr. Ct. R. 64(a).

[11] *See generally* Del. Const. art. IV, § 11 (describing the Supreme Court's constitutional jurisdiction); Del. Const. art. IV, § 7 (describing the Superior Court's constitutional jurisdiction); 10 *Del. C.* §§ 541–546 (describing the Superior Court's statutory jurisdiction and powers); *Sinha v. Bd. of Trustees of Del. Technical & Cmty. Coll.*, 585 A.2d 1310, 1312 (Del. Super. Ct. 1990) ("The Superior Court has only the jurisdiction conferred on it by the Constitution and laws of the State of Delaware. The Constitution gives the Court jurisdiction of all civil claims at common law and jurisdiction and power as vested by the laws of the State." (internal citation omitted)); *Eberly v. Eberly*, 489 A.2d 433, 446 (Del. 1985) ("It is a principle of long standing that even the statutory jurisdiction of the Superior Court is 'special, limited and summary,' as to matters beyond its common law powers." (quoting *Stidham v. Brooks*, 5 A.2d 522, 524 (Del. 1939)).

[12] *E.g.*, *In re Abbott*, 925 A.2d 482, 484 (Del. 2007) (quoting *In re Froelich*, 838 A.2d 1117, 1120 (Del. 2003)); *accord In re Pelletier*, 84 A.3d 960, 962 (Del. 2014).

[13] *Crumplar v. Superior Court ex rel. New Castle Cty.*, 56 A.3d 1000, 1010 (Del. 2012).

ODC or its chief disciplinary counsel to take action on some disciplinary complaint, that would infringe on this Court's exclusive authority over the discipline of Delaware lawyers.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is hereby AFFIRMED.

5